UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80527-RAR

**STATE OF FLORIDA**,

v.

**JAMES M. DANIELS, JR.**,

    Defendant.
_____/

## ORDER REMANDING CASE TO STATE COURT

**THIS CAUSE** comes before the Court on Defendant James M. Daniels, Jr.'s "Notice to/for Removal" ("Notice"). [ECF No. 1]. Defendant is seeking to remove two state criminal actions pending against him from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, into this Court pursuant to 28 U.S.C. § 1455. *See id.* at 1. This is not the first time Defendant has attempted to remove his state court prosecutions to federal court. On December 1, 2022, U.S. District Judge Kathleen M. Williams found that the Court "lack[ed] jurisdiction over [Defendant's] two ongoing state criminal prosecutions," and remanded the case back to the Fifteenth Judicial Circuit. *See* Order Dismissing Notice of Removal, *Daniels v. Florida*, No. 22-CV-81573 (S.D. Fla. Dec. 1, 2022), ECF No. 1 at 5 ("Williams Order").[1] Although Defendant relies on a new argument he did not previously raise before Judge Williams, the Court will still adopt much of Judge Williams's Order, deny Defendant's request for removal, and remand these cases back to state court.

---

[1] Plaintiff has been charged with one count of lewd and lascivious molestation in Case No. 2020-CF-006642 and one count of sexual battery on a victim twelve years of age or older in Case No. 2020-CF-006835. *See* Williams Order at 3–4.

Removal of a case from state court to federal court is a very limited remedy that only applies in specific, statutorily defined, circumstances. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and 'a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress.' These statutory procedures for removal are to be <u>strictly construed</u>." (emphasis added) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918))). The removing party bears the burden of showing that the federal court has jurisdiction of the removed case and all "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A state criminal prosecution can only be removed to federal court in three specific circumstances: (1) the removal meets the general requirements of 28 U.S.C. § 1455; (2) the prosecution "is against or directed to officers of the United States [or] members of the armed forces" under §§ 1442 and 1442a; and (3) the defendant has been denied or cannot enforce "a right under any law providing for the equal rights of citizens of the United States" during his state prosecution under § 1443. *Florida v. Anderson*, No. 3:23-CV-188, 2023 WL 2206506, at *1 (M.D. Fla. Feb. 24, 2023). Since Defendant does not allege that he is either an "officer of the United States" or a member of the armed forces, the Court will only analyze removal under § 1455 and § 1443.

First, the Court agrees with Judge Williams that removal under § 1455 is impossible. Section 1455 mandates, among other things, that "[a] notice of removal of a criminal prosecution shall be filed not later than <u>30 days after the arraignment in the State court, or any time before trial, whichever is earlier</u>[.]" 28 U.S.C. § 1455(b)(1) (emphasis added). As Judge Williams explained:

> [Defendant's] arraignment in Case No. 6642, scheduled for September 10, 2020, was canceled on September 4, 2020, after Petitioner filed a counseled "Waiver of Arraignment, Plea of Not Guilty, and Demand for Jury Trial." Likewise, in Case No. 6835,

> Petitioner's arraignment, also scheduled for September 10, 2020, was cancelled on September 3, 2020, after Petitioner filed a counseled "Waiver of Arraignment, Plea of Not Guilty, and Demand for Jury Trial." Because the Notice of Removal was filed by Petitioner on October 10, 2022, more than two (2) years after his arraignment in the now challenged state court proceedings, the Notice of Removal is not timely.

Williams Order at 4. Defendant's instant Notice of Removal, filed nearly six months <u>after</u> his first, is similarly untimely under § 1455(b)(1). Without addressing any other potential defects, the Court finds that the failure to file a timely notice of removal prevents Defendant from removing his state criminal cases under § 1455. *See Florida v. King*, No. 2:20-CV-271, 2020 WL 8872586, at *1 (M.D. Fla. Apr. 17, 2020) (remanding case back to state court after finding "the notice of removal untimely" under § 1455(b)(1)).[2]

Next, the Court finds that removal is not appropriate under § 1443. "The civil rights removal statute in § 1443 provides for the removal of state court actions under narrow circumstances where equal civil rights are denied and not recognized." *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017). The Supreme Court has articulated a two-part test to determine if removal under § 1443 is proper: (1) "the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific rights stated in terms of racial equality'" and (2) "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 794 (1966)). Here, Defendant argues that the State has infringed upon his Fifth Amendment right to be charged pursuant to an indictment that had been previously presented to a grand jury. *See* Notice at 6 ("Because the State of Florida has no

---

[2] The Court can circumvent § 1455(b)(1)'s time-bar if it finds there is "good cause" for the late-filed Notice of Removal. 28 U.S.C. § 1455(b)(1). Defendant does not present a reason for the delay, and the Court does not find any good cause from the face of the Notice of Removal.

requirement of an Indictment for an infamous crime, Florida law is a contravention of the surities [sic] of the United States Constitution[.]"). But Defendant's Fifth Amendment right to be indicted by a grand jury is a general right applicable to everyone, not a "specific civil right stated in terms of racial equality," so removal under § 1443 is also inappropriate. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice."); *see also* Williams Order at 4 (finding that Defendant had not "demonstrated that the state charging document's purported deficiency implicates Section 1443(1)").

Even if the State's failure to indict Defendant implicated a "specific civil right[ ] stated in terms of racial equality," Defendant still would not be entitled to removal because his constitutional rights were not violated. The State of Florida only requires "presentment or indictment by a grand jury" when a criminal defendant is charged with a "capital crime." FLA. CONST. art. I, § 15; *see also* FLA. R. CRIM. P. 3.140(a)(1) ("An offense that may be punished by death shall be prosecuted by indictment."). Since Defendant was not charged with a capital crime,[3] the State is allowed to proceed by information. *See Johnson v. State*, 969 So. 2d 938, 953 (Fla. 2007) ("A capital crime may be charged only by indictment, but any other felony may be charged by either information or indictment." (emphasis added)). While it is true that the Fifth Amendment of the U.S. Constitution provides that "[n]o person shall be held for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury," U.S. CONST. amend. V,

---

[3] Neither lewd or lascivious molestation nor sexual battery is a crime punishable by death, so neither are considered "capital cases" for the purposes of Florida's indictment requirement. *See State v. Wells*, 466 So. 2d 291, 292 (Fla. 2d DCA 1985) ("We hold that inasmuch as the crime of sexual battery of a child is no longer a capital crime in the sense that conviction thereof is punishable by death, a person may be charged with commission of that crime by information.").

this right only applies to criminal defendants charged in <u>federal court</u> and has not been incorporated against the states, *see Peters v. Kiff*, 407 U.S. 493, 496 (1972) (citing *Hurtado v. California*, 110 U.S. 516, 534–35 (1884)) ("For the Fifth Amendment right to a grand jury does not apply in a state prosecution."); *see also McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 765 n.13 (2010) (noting that "the Fifth Amendment's grand jury indictment requirement" does not apply to the states).  In short, the Fifth Amendment does not require any state to charge criminal defendants by way of an indictment, and Florida law clearly does not require Defendant to be indicted because he is not charged with a capital offense; therefore, there is not an ongoing constitutional violation which justifies removal.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case shall be **REMANDED** back to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  All pending motions are **DENIED as moot**.  The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc:   James M. Daniels, Jr.
      0354454
      Palm Beach County Jail
      Inmate Mail/Parcels
      P.O. Box 24716
      West Palm Beach, FL 33416
      PRO SE

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com

      Palm Beach County, Clerk of the Circuit Court